UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, solely in its capacity as Trustee, <br><br> Plaintiff, <br><br> v. <br><br> WMC MORTGAGE, LLC, <br><br> Defendant. | Civ. Action No.: 12-cv-0933 – CSH <br> Civ. Action No.: 12-cv-0969 – CSH <br> Civ. Action No.: 12-cv-1699 – CSH <br> Civ. Action No.: 13-cv-1347 – CSH <br><br><br><br> **AUGUST 26, 2016** |

### ORDER STAYING ACTIONS

**HAIGHT, Senior District Judge:**

These four consolidated actions arise out of the failures of residential mortgage-backed securities ("RMBS"). Familiarity is assumed with each of the Court's prior opinions.

The Court has received a letter dated August 25, 2016, jointly signed by lead trial counsel for Plaintiff Deutsche Bank National Trust Company (solely in its capacity as Trustee) and for Defendant WMC Mortgage, LLC. Counsel advise in that letter that those parties have agreed in principle on "a settlement that may resolve all of the Trustees claims against WMC in the Actions." Before the settlement can be completed, which presumably will include dismissal of the actions, Deutsche Bank must obtain instructions and authority from the investors in the four trusts at issue, on whose behalf Deutsche Bank commenced these actions as Trustee. This process will take some time. Trial counsel jointly request in their August 25 letter that the actions be stayed "for an

1

additional period of time for the Parties to complete the settlement."

Given the circumstances, that is clearly a sensible request. A mutually acceptable settlement of cases of this magnitude would be in the best interests of the parties and consequently in the interest of justice. Accordingly the Court makes this Order:

**All proceedings in the four captioned cases, and each of them, are STAYED UNTIL AND INCLUDING SEPTEMBER 5, 2016, at which time counsel are directed to advise the Court with respect to the status of the cases.**

This is the date suggested by counsel in their joint letter. The alternative would be an open-ended stay pending the Court's further order, but I am content to defer to counsel's sense of how the cases should be governed.

There is an additional consequence of the proposed settlement. The Court was in the process of writing a Ruling which would resolve four pending motions for protective orders and to quash subpoenas, filed by the Trustee and certain investors. Those motions were prompted by a series of subpoenas and discovery demands issued by WMC in the wake of the Court's "Omnibus Ruling on Discovery Issues," reported at 2015 WL 1650835 (D.Conn. April 14, 2015). The movants and docket numbers of these presently pending motions are as follows:

* Deutsche Bank:      Doc. 166
* Varde Partners:     Doc. 170
* Amherst Advisory:   Doc. 175
* Payne Advisory      Doc. 191

Given the circumstances described in counsel's letter, **EACH OF THESE MOTIONS IS DENIED AS MOOT,** without prejudice to reassertion by the movant if the underlying actions are

not disposed of by settlement.

The foregoing is SO ORDERED.

Dated:   New Haven, Connecticut
         August 26, 2016

                                                    */s/ Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge